# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CAMPBELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:25-cv-00574-SAB<br><br>ORDER DIRECTING PARTIES TO CONSIDER WHETHER TO CONSENT TO THE JURISDICTION OF A FEDERAL MAGISTRATE JUDGE AND VACATING AUGUST 20, 2025 HEARING ON MOTION TO DISMISS<br><br>**FOURTEEN-DAY DEADLINE** |

On May 15, 2025, Plaintiff Charles Campbell, who is proceeding *pro se*, commenced this action until Title 42 of the United States Code, seeking review of a final decision of the Commissioner of Social Security. (ECF No. 1.) On July 14, 2025, the Commissioner filed a motion to dismiss, arguing that this case should be dismissed because Plaintiff's administrative request for review remains pending with the Appeals Council. (ECF No. 8.) While this case and motion are properly before the undersigned, L.R. 302(c)(15), the Court notes that neither party has consented to the jurisdiction of a federal magistrate judge.

In the typical social security review, the parties would have 90 days in which to file consent forms. (See ECF No. 5.) However, the Commissioner has moved to dismiss for failure to state a claim, which does not implicate the same time requirements as a typical social security review. Accordingly, the Court will direct the parties to consider whether to consent to the jurisdiction of a federal magistrate judge and make a determination within fourteen (14) days

1 from the service of this order.

2     For the parties' benefit, the Court observes that "[j]udges in the Eastern District of
3 California carry the heaviest caseloads in the nation." Rush Air Sports, LLC v. RDJ Grp.
4 Holdings, LLC, No. 1:19-cv-00385-LJO-JLT, 2019 WL 4879211, at *1 (E.D. Cal. Oct. 3, 2019);
5 Pizana v. SanMedica Int'l, LLC, No. 1:18-cv-00644-DAD-SKO, 2020 WL 469336, at *7 n.8
6 (E.D. Cal. Jan. 29, 2020); see also Hon. Lawrence J. O'Neill, et al., An Important Letter to
7 Congress from the Judges of the Eastern District of California Regarding Our Caseload Crisis,
8 (June 19, 2018) https://www.caed.uscourts.gov/caednew/index.cfm/news-archive/important-
9 letter-re-caseload-crisis/ (noting that in 2018, "[e]ach District Judge handles an average of
10 approximately 900 cases at any given time, more than double the nationwide average").

11     Therefore, the Court advises the parties "to []consider consent to conduct all further
12 proceedings before a Magistrate Judge, whose schedules are far more realistic and
13 accommodating to parties." Rush Air, 2019 WL 4879211, at *1; see 28 U.S.C. 636(c)(2). That
14 said, the parties "are free to withhold consent without adverse substantive consequences." 28
15 U.S.C. 636(c)(2).

16     Accordingly, the Court HEREBY ORDERS:

17     1. The parties shall have **fourteen (14) days** from the service of this order to consider
18        whether to consent to the jurisdiction of a Magistrate Judge. If a party would like to
19        consent, they are directed to file a notice indicating as such. If either party does not
20        file a notice of consent within fourteen (14) days, the Court will construe that as
21        withholding consent. Again, either party is "free to withhold consent without adverse
22        substantive consequences." 28 U.S.C. 636(c)(2);

23     2. The August 20, 2025 hearing on the motion to dismiss is VACATED;

24     3. Should the parties consent, the Court will deem the matter submitted when the
25        Commissioner files a reply or the time to file a reply expires. Should one or both
26        parties not consent, this matter will be reassigned to a district judge, who will
27        determine whether to place the matter on their hearing calendar or refer the motion to
28        the undersigned for the preparation of findings and recommendations; and

4. The Clerk of the Court is directed to mail Plaintiff a consent form.

IT IS SO ORDERED.

Dated: **July 14, 2025**

STANLEY A. BOONE
United States Magistrate Judge