# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CAMPBELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No.  1:25-cv-00574-SAB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(ECF No. 8) |

Before the Court is Defendant Commissioner of Social Security's (the "Commissioner") motion to dismiss for failure to exhaust administrative remedies. Based on the papers and the Court's file, the Court will grant Defendant's motion.

## I.

## BACKGROUND

This is a case concerns judicial review of a final decision of the Commissioner that denied Social Security benefits to Plaintiff Charles Campbell, who is proceeding *pro se*. (ECF No. 1.) Plaintiff first applied for supplemental security benefits in 2008, and he was found disabled by an administrative law judge ("ALJ") in 2010. (ECF No. 8-1, Declaration of Christianne Voegele ("Voegele Decl."), p. 3 ¶ 3(a).)[1]  In October 2016, a continuing disability review found Plaintiff was no longer disabled as of that month.  (Id. at p. 3 ¶ 3(b).)   Plaintiff appealed that determination, and the Appeals Council remanded the case twice, once in 2020 and again in 2022.

---

[1] The Cour takes this procedural background form the Commissioner's motion to dismiss. (ECF No. 8.) While the Court construes Plaintiff's complaint as seeking judicial review of an unfavorable decision by the Commissioner, Plaintiff has not otherwise provided the procedural background to his case.

1

(Id. at pp. 3-4 ¶¶ 3(c)-(d).)  An ALJ issued a new decision in October 2024, and Plaintiff requested that the Appeals Council review this decision shortly thereafter.  (Id. at p. 4 ¶ 3(e).)  In January 2025, Plaintiff requested withdrawal of this request for review.  (Id. at p. 4 ¶ 3(e), citing Exh. 13.)  However, Plaintiff's request for review is still pending with the Appeals Council.  (Id. at p. 4 ¶ 3(e).)

On May 15, 2025, Plaintiff commenced this action, seeking judicial review of a final decision of the Commissioner denying Plaintiff Social Security benefits.  (ECF No. 1.)  On July 14, 2025, the Commissioner moved to dismiss based on failure to exhaust administrative remedies.  (ECF No. 8.)  Thereafter, the parties consented to the jurisdiction of a federal magistrate judge.  (ECF Nos. 11, 12.)  The deadline for Plaintiff to file an opposition passed, and the Court directed Plaintiff to file an opposition or a statement of non-opposition.  (ECF No. 17.)  Plaintiff did not file anything on the docket.  In an abundance of caution, the Court gave Plaintiff a final chance to file an opposition.  (ECF No. 19.)  Plaintiff filed an opposition (ECF No. 21), and the Court took the instant matter under submission.  (ECF No. 20.)

## II.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted."  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In deciding a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  The pleading standard under Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true.  Id. at 678.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  To avoid a dismissal under Rule 12(b)(6), a complaint

1  must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550
2  U.S. at 570.

3   In deciding whether a complaint states a claim, the Ninth Circuit has discussed that two
4  principles apply. First, to be entitled to the presumption of truth the allegations in the complaint
5  "may not simply recite the elements of a cause of action but must contain sufficient allegations of
6  underlying facts to give fair notice and to enable the opposing party to defend itself effectively."
7  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the
8  defendant to be subjected to the expenses associated with discovery and continued litigation, the
9  factual allegations of the complaint, which are taken as true, must plausibly suggest an
10 entitlement to relief, "such that it is not unfair to require the opposing party to be subjected to the
11 expense of discovery and continued litigation." Id. "Dismissal is proper only where there is no
12 cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal
13 theory." Navarro, 250 F.3d at 732, citing Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699
14 (9th Cir. 1988).

### III.

### DISCUSSION AND ANALYSIS

17  The Commissioner argues that Plaintiff failed to exhaust his administrative remedies, and
18 therefore, the Court should dismiss the complaint. Though Plaintiff has opposed, the Court
19 agrees with the Commissioner.

20  The Social Security Act permits judicial review only of a "final decision of the
21 Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g); see Califano v.
22 Sanders, 430 U.S. 99, 108 (1977). The Supreme Court has recognized this, observing that
23 § 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of
24 the Secretary made after a hearing.'" Califano, 430 U.S. at 108. Though the term "final
25 decision" is not defined in the Social Security Act, the Commissioner's regulations provide a
26 four-step process of administrative review that results in a final decision. See 20 C.F.R. §
27 416.1400(a). Specifically, a claimant must: (1) receive an initial determination of his right to
28 benefits; (2) request reconsideration of the initial determination; (3) request and obtain a hearing

1  decision by an ALJ; and (4) request Appeals Council review of the ALJ's decision. See id. at §
2  416.1400(a)(1)-(4). Thus, only after these four steps are completed may a claimant seek judicial
3  review. 42 U.S.C. § 405(g); see, e.g., Hoye v. Sullivan, 985 F.2d 990, 991 (9th Cir. 1993) (per
4  curiam) (affirming dismissal of case for lack of jurisdiction where there was no hearing). Judicial
5  review is the exclusive remedy following an unfavorable final decision of the Commissioner, and
6  exhaustion is strictly construed. See 42 U.S.C. § 405(h) ("No findings of fact or decision of the
7  Commissioner shall be reviewed by any person, tribunal or governmental agency except as herein
8  provided.").

9  "A claimant's failure to exhaust the procedures set forth in the Social Security Act
10 deprives the district court of jurisdiction." Bass v. Soc. Sec. Admin., 872 F.2d 832, 833 (9th Cir.
11 1989). Thus, when a claimant has not exhausted administrative appeals as required to obtain a
12 final decision, the complaint must be dismissed. See id. at 617.

13 In support of his position, the Commissioner has included 13 exhibits: 1) a July 27, 2009
14 denial of Social Security benefits at the initial level; 2) an August 14, 2009 request by Plaintiff for
15 a hearing before an ALJ; 3) a June 8, 2010 favorable decision by an ALJ, finding Plaintiff was
16 disabled beginning on December 13, 2008; 4) an document demonstrating that a continuing
17 disability review was initiated; 5) an October 24, 2016 determination that found Plaintiff was no
18 longer disabled as of October 1, 2016; 6) a reconsideration upholding the October 24, 2016
19 determination; 7) an October 2, 2019 unfavorable decision by an ALJ, finding Plaintiff's
20 disability period ended on October 1, 2016, and that Plaintiff had not become disabled again since
21 that date; 8) a July 18, 2020 Appeals Counsel decision to remand the matter back to an ALJ; 9) a
22 May 10, 2021, unfavorable decision by an ALJ, finding Plaintiff's disability period ended on
23 October 1, 2016, and that Plaintiff had not become disabled again since that date; 10) a July 1,
24 2022 Appeals Council decision to remand the matter back to an ALJ; 11) an October 17, 2024
25 unfavorable decision by an ALJ, again finding Plaintiff's disability period ended on October 1,
26 2016, and that Plaintiff had not become disabled again since that date; 12) an October 29, 2024
27 request by Plaintiff for a review of the hearing decision; and 13) a January 27, 2025 request by
28 Plaintiff for withdrawal of the request for review by the Appeals Council, which remains pending.

1  Plaintiff has included exhibits as well by in large consisting of medical documents ostensibly for
2  the purpose of demonstrating that the ALJ erred in its decision below.  (ECF No. 15.)  As relevant
3  here, Plaintiff has also included two appointment notice letters, one from January 27, 2025, and
4  one from March 31, 2025, both of which state that Plaintiff had appointments with the agency set
5  up in order to go over documents in support of his case.  (Id. at pp. 266-71.)

6  "Even if a document is not attached to a complaint, it may be incorporated by reference
7  into a complaint if the plaintiff refers extensively to the document or the document forms the
8  basis of the plaintiff's claim.  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  "If the
9  documents are not physically attached to the complaint, they may be considered if the documents'
10 authenticity is not contested and the plaintiff's complaint necessarily relies on them."  Lee v. City
11 of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (cleaned up).

12 Judicial review of the Commissioner's unfavorable decision requires exhaustion by
13 Plaintiff of his of administrative remedies, and the documents provided by the Commissioner, as
14 well as the notices from Plaintiff, form the basis of Plaintiff's requirement.  Additionally, Plaintiff
15 did not contest the authenticity of the documents.  Therefore, the Court incorporates all the
16 Commissioner's exhibits into Plaintiff's complaint.  (ECF No. 8-1.)  Likewise, the Court
17 incorporates the exhibits Plaintiff has included (ECF No. 15.)

18 Upon review of the documents, the Commissioner has plainly demonstrated that at this
19 time Plaintiff's case remains pending in the agency, and therefore, this Court is without
20 jurisdiction to conduct judicial review because there is no final order from which Plaintiff may
21 appeal.

22 In opposition, Plaintiff has provided—in total—the following: "In response to a filing by
23 the Social Security Administration[']s filing to dismiss case based on ongoing case in the Appeals
24 Council.  I, Charles Campbell di[s]agree with that and wish that the Court continue presiding over
25 the case.  Thank you."  (ECF No. 21.)

26 Notwithstanding Plaintiff's opposition, the Court finds that at this time there is no final
27 decision of the Commissioner of Social Security from which Plaintiff may appeal to the District
28 Court.  The Court is therefore without jurisdiction to preside over the matter and must dismiss

Plaintiff's complaint for failure to exhaust administrative remedies.

## IV.

## CONCLUSION AND ORDER

In light of the forgoing, the Court will grant the Commissioner's motion to dismiss. The Court will dismiss this matter without prejudice, with leave for Plaintiff to refile if and when Plaintiff successfully administratively exhausts his claim in the Social Security Administration.

IT IS HEREBY ORDERED that the Commissioner's motion to dismiss (ECF No. 8) is GRANTED. This matter is DISMISSED WITHOUT PREJUDICE. The Clerk of the Court is DIRECTED to enter judgment in accordance with this Order.

IT IS SO ORDERED.

Dated:  **October 7, 2025**

STANLEY A. BOONE
United States Magistrate Judge